UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS ROSAS,

                                 Plaintiff,                     **COMPLAINT**

     -against-

TRION REAL ESTATE MANAGEMENT LLC and           JURY TRIAL
CARMELO MILIO, as an individual,                  REQUESTED

                              Defendants.
------------------------------------------------------------------------X

Plaintiff, **LUIS ROSAS**, (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.     Plaintiff, through undersigned counsel, brings this action against **TRION REAL ESTATE MANAGEMENT LLC and CARMELO MILIO, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 829 Midland Avenue, Yonkers, NY 10704.

2.     Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of his age and disability by Defendants.

3.     As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.  Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff LUIS ROSAS residing at Yonkers, NY 10704 was employed by TRION REAL ESTATE MANAGEMENT LLC from in or around March 2016 until in or around December 2021.

9. Defendant, TRION REAL ESTATE MANAGEMENT LLC is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 829 Midland Avenue, Yonkers, NY 10704.

10. Upon information and belief, Defendant CARMELO MILIO is the President and owner of TRION REAL ESTATE MANAGEMENT LLC.

11. Upon information and belief, Defendant CARMELO MILIO is an agent of TRION REAL ESTATE MANAGEMENT LLC.

12. Upon information and belief, CARMELO MILIO is responsible for overseeing the daily operations of TRION REAL ESTATE MANAGEMENT LLC.

13. Upon information and belief, CARMELO MILIO has power and authority over all the final personnel decisions of TRION REAL ESTATE MANAGEMENT LLC.

14. Upon information and belief, CARMELO MILIO has the power and authority over all final payroll decisions of TRION REAL ESTATE MANAGEMENT LLC, including the Plaintiff.

15. Upon information and belief, CARMELO MILIO has the exclusive final power to hire the employees of TRION REAL ESTATE MANAGEMENT LLC, including the Plaintiff.

2

16.     Upon information and belief, CARMELO MILIO has exclusive final power over the firing and terminating of the employees of TRION REAL ESTATE MANAGEMENT LLC, including Plaintiff.

17.     Upon information and belief, CARMELO MILIO is responsible for determining, establishing, and paying the wages of all employees of TRION REAL ESTATE MANAGEMENT LLC, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18.     Accordingly, at all relevant times hereto, Defendant CARMELO MILIO was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19.     At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that TRION REAL ESTATE MANAGEMENT LLC (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20.     Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint is filed in July 2022.  As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning July 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

### i. Wage and Hour Allegations

21.     Plaintiff LUIS ROSAS was employed by TRION REAL ESTATE MANAGEMENT LLC as a superintendent and handyman while performing related miscellaneous duties for the Defendants, from in or around June 2016 until in or around December 2021.

22.    Plaintiff was responsible for providing superintendent and handyman services for over 1,000 condominium units located at 15 White Plains Road, Bronx, New York

23.    During the relevant statutory period, Plaintiff LUIS ROSAS was paid by Defendants a flat hourly rate of:

      i.    approximately $18.03 per hour for his first 40 hours of work from in or around July 2016 until in or around April 2020;

      ii.    approximately $21.63 per hour for his first 40 hours of work from in or around May 2020 until in or around December 2021.

24.    Plaintiff was only compensated at the above hourly rates for his first 40 hours of work each week and was not compensated at all for any work performed in excess of 40 hours per week.

25.    During the relevant statutory period, Plaintiff regularly worked sixty (60) hours per week.

26.    During the relevant statutory period, Plaintiff was given a regular schedule of work from 8:00 a.m. to 4:00 p.m., five (5) days per week, Monday through Friday.

27.    During his regular hours, Plaintiff performed routine maintenance for the complex, including repairs, carpentry, cleaning, garbage, drainage, cleaning/maintaining roofing and basement and outdoor maintenance, including landscaping and maintaining parking lots, fences and walkways.

28.    However, in addition to his assigned 40-hour workweek, Plaintiff was required to be on-call and available twenty-four (24) hours, seven (7) days, specifically after 4:00 p.m. each day outside of his regular hours and on both Saturdays and Sundays.

29.    During these hours, Plaintiff was responsible for overseeing all emergency cases and repairs in the building, including but not limited to repairs of broken pipes, gas leaks, plumbing issues, roof leaks, gas smells, smoke, fire and other miscellaneous tasks related to his employment as a superintendent and handyman.

30.    Plaintiff was required to perform work outside of his regular schedule of work on average from ten (10) to twenty (20) hours of overtime worked each week during the relevant statutory period.

31.    For instance, each Saturday and Sunday, Plaintiff was required to address emergencies reported by tenants regarding plumbing, electrical or other issues, many of which were

not actually emergencies, but still required Plaintiff to investigate and/or address the issues raised.

32.     Plaintiff was also required to deal with heating and leak issues regularly during the winter months outside of his regular work schedule, requiring him to regularly work up to twenty hours per week outside of his regular schedule.

33.     Additionally, for approximately three months, Plaintiff was required by Defendants to supervise a park area near the East River from the hours of 5:00 a.m. to 10:00 p.m. at night, well in excess of his regular schedule of work.

34.     Although Plaintiff worked approximately fifty (50) to sixty (60) hours or more hours per week during the relevant statutory period, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

35.     Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

36.     Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

37.     Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of her applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

38.     Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

39.     As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

    ii.          **Age Discrimination and Disability Discrimination Allegations**

40.     Plaintiff was employed as a superintendent and handyman at 829 Midland Avenue, Yonkers, NY 10704 for approximately four years when TRION REAL ESTATE

MANAGEMENT took over management of the condominiums in or around January 2020.

41.    For the first four years of his employment, Plaintiff did not have any issues regarding his work performance or relationship with the building management company.

42.    However, after a few months once TRION REAL ESTATE MANAGEMENT took over management of the condominiums, Plaintiff began to experience issues with his employment, notably due to Defendants' refusal to accommodate Plaintiff due to a back injury he suffered while working for Defendants.

43.    In or around July 2021, Plaintiff suffered a serious back injury while fixing a folding metal door.

44.    Rather than accommodate Plaintiff's medical requests as a result of his injury, Plaintiff's manager, Israel, an employee of TRION REAL ESTATE MANAGEMENT, began to continuously ridicule and insult Plaintiff, calling Plaintiff "lazy" and that he hurt his back because he was "getting too old" to do his job duties.

45.    Plaintiff was subjected to continuous harassment because of his injury and because of his age.

46.    Plaintiff missed approximately three months of work while recovering from his injury and upon return, was again, subjected to the same harassment as before due to his age and injury.

47.    Plaintiff provided documentation of his injuries and the fact that even upon return, would be limited in what tasks he could physically perform.

48.    Rather than accommodate Plaintiff with a less physically-demanding workload, Defendants instead effectively demoted Plaintiff and stripped him of his prior duties and responsibilities and treated him as the lowest ranking employee, a position which he was not in prior to his injury.

49.    Defendants demeaned Plaintiff by making him paint and re-paint garbage cans and recyclable cans when the work was not necessary and if it were, it would be performed by a lower ranking employee.

50.    When Plaintiff attempted to discuss these issues with his supervisors, they would simply ignore him, walk away, or insult him, creating a hostile work environment that only commenced after Plaintiff's injury.

51.     Shortly thereafter, Plaintiff was stripped of his responsibilities of supervising other employees, again effectively demoting Plaintiff because of an injury that he suffered on the job and due to the false perception that he was "too old" to do his job anymore.

52.     In or around October 2021, Plaintiff suffered further injury as a result of falling down stairs while working, which required Plaintiff to be transported to the hospital.

53.     In or around November 2021, while Plaintiff was still recovering from his injuries, Defendants suspended Plaintiff and subsequently terminated his employment, the end result of constant, months-long discrimination on the basis of Plaintiff's disabilities and age.

54.     Defendants improperly terminated Plaintiff as a result of his disabilities from injuries suffered while working and due to his age.

55.     Plaintiff has felt humiliated, degraded, emotionally distressed, devastated, and shocked at Defendants' blatant discrimination on the basis of his disabilities and age.

56.     As a result of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, and non-pecuniary losses.

57.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

58.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

60.     At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

62.    Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

63.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

64.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

65.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

67.    Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

68.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

8

### THIRD CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

69.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70.     Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

71.     Defendants are liable to Plaintiff in the amount of $5,000.00 together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

72.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

74.     Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION FOR DISCRIMINATION
### Under New York State Executive Law

75.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76.     New York State Executive Law § 296 provides that, "1. It shall be unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . age, sex/gender, disability . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

77.     Defendants violated the above-stated law.

78.     As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

79.     Defendants had no good faith business justification for the actions against Plaintiff as described herein.

80.     As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, exacerbated physical illness and injuries and other non-pecuniary losses.

81.     Defendants' conduct was malicious, willful and conducted with full knowledge of the law.

82.     Plaintiff is entitled to the maximum amount allowed under this statute/law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, and NYLL in that Defendants discriminated against Plaintiff on the basis of his age;

c. Awarding Plaintiff punitive damages;

d. Awarding Plaintiff unpaid overtime wages;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   July 11, 2022
         Kew Gardens, NY

_Roman Avshalumov_
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ROSAS,

Plaintiff,

-against-

TRION REAL ESTATE MANAGEMENT LLC and CARMELO MILIO, as an individual,

Defendants,

## COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**TRION REAL ESTATE MANAGEMENT LLC**
**Via Secretary of State – DOS ID# 3798120**
916 Old Nepperhan Avenue, Yonkers, NY 10703

**Via Personal Service:**
829 Midland Ave Yonkers,
NY 10704

**CARMELO MILIO**
829 Midland Ave Yonkers,
NY 10704